UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PRECISION ROOFING OF N.
FLORIDA INC., individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.

    Case No. 3:20-cv-352-BJD-LLL

CENTERSTATE BANK,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Application for Attorneys' Fees (Doc. 83) filed October 6, 2023. The Court having held a Final Approval Hearing on November 30, 2023; notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement and (2) Certifying Settlement Class and Setting Final Approval Hearing (Docs. 78, 79); and having considered all matters of record including those submitted at the Final Approval Hearing. Finding no just reason for delay in entry of this Final Approval Order

    Accordingly, after due consideration, it is

    **ORDERED:**

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2.  This Order incorporates the definitions in the Settlement Agreement and Releases, and all capitalized terms used in this Order have the same meanings as set forth in that Agreement, unless otherwise defined herein.

3.  The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

4.  The Notice to government entities, as given, complied with 28 U.S.C. § 1715.

5.  The Settlement is in all respects fair, reasonable, and adequate to the Settlement Class, after considering all of the Fed. R. Civ. P. 23(e)(2) factors, highlighted by evidence that (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class, (B) the Settlement was negotiated at arm's length among competent, able counsel with the assistance of qualified mediator, (C) the Settlement relief to the

Settlement Class is adequate, and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and no opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

6. The Court hereby **APPROVES** the distribution plan for Settlement Class Member Payments proposed by the Parties in the Agreement is fair, reasonable, and adequate.

7. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

8. The Unopposed Motion for Final Approval of Class Settlement and Application for Attorneys' Fees (Doc. 83) is **GRANTED** and the Court hereby finally **APPROVES** the Agreement, finds the terms fair, reasonable, and adequate, and authorizes and directs implementation of all terms and provisions of the Settlement.

9. The Court hereby finally **CERTIFIES** the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action

satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

11. The appointment of Plaintiffs as Class Representatives is **AFFIRMED**.

12. The appointment of Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow P.A. and Jeffrey D. Kaliel of KalielGold PLLC as Class Counsel is **AFFIRMED**.

13. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (4) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent them; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (6) a class action is superior to the other available methods for

the fair and efficient adjudication of the controversy.

14. The Court hereby **DISMISSES** this Action, **with prejudice**, and without taxation of costs in favor of or against any Party.

15. The Releasing Parties hereby fully and irrevocably release and forever discharge as of the Effective Date, and in exchange for the relief described in the Settlement, the Class Representative and each Settlement Class Member, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf, fully and finally release and discharge the Released Parties of and from the Released Claims. The Released Claims are dismissed with prejudice and released regardless of whether these claims are known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent.

16. If, consistent with the plan of distribution set forth in the Settlement, any Residual Funds exist after the first distribution, the residue will be paid to Settlement Class Members by way of a secondary distribution, if economically feasible. Otherwise, the residue will go to an appropriate cy pres recipient, which is to be agreed to by the Parties and approved by the Court.

17. The Court hereby decrees that neither the Settlement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

18. Class Counsel is awarded attorneys' fees in the amount of **$906,634.99**, and costs in the amount of **$80,710.64**, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement.

19. The Court also **APPROVES** the payment of Settlement Administration Costs by Defendant separately and apart from the Settlement Fund.

20. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement

Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

21. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Agreement.

22. With the exception of those listed on Exhibit A, the Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

23. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in Jacksonville, Florida this 5th day of November, 2023.

BRIAN J. DAVIS
United States District Judge

9
Copies furnished to:

Counsel of Record
Unrepresented Parties